**FLORIDA WOMEN'S MEDICAL CLINIC, INC., et al., Plaintiffs,**

v.

**Jim SMITH, etc., et al., Defendants.**

**No. 79–6063–Civ.**

United States District Court,
S.D. Florida.

Aug. 1, 1990.

James A. Peters and Gerald B. Curington, Asst. Attys., Atty. General's Office, Tallahassee, Fla., for defendants.

Charlene Miller Carres, Tallahassee, Fla., and Frances M. Farina, Carmel, Cal., for plaintiffs.

## ORDER

GONZALEZ, District Judge.

This cause is before the Court upon the defendants' Motion for Relief from Judgment filed pursuant to Rule 60(b)(5), Federal Rules of Civil Procedure, wherein defendants seek to modify the Judgment of this Court dated March 12, 1982. 536 F.Supp. 1048.

The Court has heard oral argument on behalf of all parties.

Motions pursuant to Federal Rule of Civil Procedure 60(b)(5) are directed to the "trial court in its sound discretion." *United States v. Georgia Power Co.*, 634 F.2d

929, 934 (5th Cir.1981), *vacated on other grounds*, 456 U.S. 952, 102 S.Ct. 2026, 72 L.Ed.2d 477 (1982); *see Roberts v. St. Regis Paper Co.*, 653 F.2d 166, 173 (5th Cir.1981); 7 J. Moore & J. Lucas, *Moore's Federal Practice*, paragraph 60.26(4), at 60–254 (1987).

Rule 60(b)(5) provides:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:

\* \* \* \* \* \*

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application....

"It is clear that a strong showing is required before an injunction or other prospective judgment will be modified." 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2863 at 207 (1973); *see Blanchard v. St. Paul Fire & Marine Insurance Co.*, 341 F.2d 351 (5th Cir.), *cert. denied*, 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73 (1965) (noting that relief under this rule is not a matter of right and placing the burden of establishing equitable grounds on the moving party).

■ The defendants "respectfully submit that modification of this Court's Judgment is both appropriate and necessary because of abandonment by the United States Supreme Court of the *Roe* first trimester abortion regulation analysis in *Webster v. Reproductive Health Services*," —— U.S. ——, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989) "*and* the cumulative experiences of HRS since March 1982".

The defendants, therefore, raise both legal and factual bases for modification.

As to the legal basis, defendants reading of *Webster* is simply wrong. *Webster* did *not* overrule or modify *Roe* in any material or significant manner, nor does *Webster* furnish any basis for modifying the prior Order of this Court.

As plaintiffs point out, the applicability of Rule 60(b)(5) after a change in precedential authority is:

(G)iven appropriate circumstances, a *significant* modification in decisional law will permit the district court in its sound discretion to prospectively modify a permanent injunction under Rule 60(b)(5).

*Georgia Power Co.*, 634 F.2d at 934 (emphasis added); *see Roberts v. St. Regis Paper Co.*, 653 F.2d 166 (5th Cir.1981). Any modification of the remedy must "be justified by the new decision." *Georgia Power Co.*, 634 F.2d at 934. Such justification presumably consists of a showing that the alleged modification is "significant" and that inequitable consequences will result if the new decision is not applied.

Contrary to popular opinion, *Webster* does not constitute a *significant* modification in decisional law, nor would it justify or permit any change in the prior Judgment of this Court.

■ Whether any factual basis exists for granting defendants' prayer for relief is, of course, another matter.

The defendants maintain that factual circumstances exist which were not foreseen nor contemplated by the Court's Judgment herein.

Since the relief which defendants seek is extraordinary, the Court believes that the best interests of all parties plus those of judicial economy demand that defendants at least make a prima facie showing that some factual basis exists for modifying this Court's judgment. If facts established by affidavit or developed through discovery establish a prima facie basis for modification, an evidentiary hearing will be scheduled at some future time.

As noted, defendant-movants have the burden of showing that prospective application of the injunction would be inequitable.

Accordingly, it is:

ORDERED and ADJUDGED that the parties are invited to file motions for summary judgment, after such discovery as they deem appropriate for the purposes of establishing whether genuine issues of material fact do exist as would justify an

evidentiary hearing on the merits of defendant motion for relief from judgment.